UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN McLAUGHLIN,<br><br>             Plaintiff,<br><br>    v.<br><br>J. CASTRO, et al.,<br><br>             Defendants. | CASE NO. 1:17-cv-1597-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(Doc. 33)<br><br>**FOURTEEN-DAY DEADLINE** |

Defendants move for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff opposes the motion. For the reasons set forth below, the Court will recommend that the defendants' motion be granted.

**I.     Summary of Plaintiff's Allegations**

This action proceeds on plaintiff's second amended complaint on a First Amendment retaliation claim against Correctional Officer M. Riley, Sergeant E. Magallanes, Chief Deputy Warden J. Castro, Correctional Counselor J. Perez, and Correctional Counselor D. DeAcevedo, and a Fourteenth Amendment equal protection claim against Chief Deputy Warden Castro and Sergeant Magallanes.

Plaintiff's allegations can be fairly summarized as follows:

On March 4, 2017, CO Riley improperly confiscated plaintiff's prescription eyeglasses

during a cell search. When plaintiff told CO Riley that he would file an inmate grievance, this defendant warned him to be careful "cause this is his house and he'll do what he … pleases."

On March 5, 2017, plaintiff was placed in a holding cage and directed by Magallanes, CO Riley's supervisor, to sign a notice of placement in administrative segregation. Plaintiff refused to sign the notice and told Magallanes that CO Riley fabricated a Rules Violation Report after plaintiff threatened to file an inmate grievance. Magallanes warned plaintiff to "stay in his place" because "this is our house." Magallanes also said, "All you Blacks hiding out over here in the E.O.P. (Enhanced Out Patient) Program should be ashamed of yourselves preying on these little white boys." As this defendant was leaving, he laughed and said, "You monkeys won't be that long in the hole."

On March 15, 2017, plaintiff appeared before Perez, DeAcevedo, and Castro for an administrative segregation placement hearing. Even though plaintiff informed these defendants of the fabricated notice, Castro told him that "Here at Corcoran it is just not smart of a Black inmate to be making waves." DeAcevedo said, "you will sit back here 60 days so you might get a little pail [sic] but the time for you to file anymore 602's (grievance forms) will run out." Lastly, Perez told plaintiff not to cry "cause even if these charges are false, this hole time will help him fix his skills to not get caught the next time."

**II.     Legal Standards**

**A. Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322-23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." Id. at 323.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. Jones, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff

failed to exhaust. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him…." Id. If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. See Lira v. Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005).

**C. CDCR Grievance Process**

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2015). Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. See Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010); see also Woodford, 548 U.S. at 85-86. In 2015, administrative appeals were subject to three levels of review before the remedy was deemed exhausted. Cal. Code Regs. tit. 15, § 3084.1(b) (2015); see also Sapp, 623 F.3d at 818.

**III.    Undisputed Facts**

In 2017, plaintiff submitted four non-medical appeals, one of which concerned incidents at another institution and are therefore omitted from review here. Of the remaining three appeals, they are summarized here:

**A. Appeal Log No. CSPC-1-17-01774**

On April 2, 2017, plaintiff filed an administrative grievance concerning living conditions in the administrative segregation unit, including lack of exercise time and an infestation of mice and rats. This appeal was screened out at the first level of review. Decl. of J. Ceballos in Supp. of Defs.' Mot. Summ. J. Ex. B.

///

4

**B. Appeal Log No. CSPC-2-17-02164**

On April 23, 2017, plaintiff filed an administrative grievance contesting several due process violations in the context of an April 11 hearing on the RVR at which Lt. Amaya, not a defendant in this action, served as the senior hearing officer: (1) it was held 31 days after the RVR issued, (2) the confidential information was never sent to ISU to substantiate the charge, (3) the hearing officer did not include in his report how the confidential information was deemed reliable, (4) the RVR was served on plaintiff before the conclusion of the investigation, (5) the reporting employee, whose presence plaintiff requested at the hearing, did not appear at the hearing, (6) the confidential memorandum and the disclosure form did not support or corroborate the specific act portion of the RVR, (7) the senior hearing officer refused plaintiff's written statement, (8) the RVR included a clerical error, (9) there was a dispute as to whether there was a victim, and (1) the hearing officer did not complete the 115 in plaintiff's presence. Ceballos Decl. Ex. C.

This grievance was granted in part at the second level of review after it was determined that plaintiff's due process rights were violated because the hearing was not conducted within 30 calendar days from the issuance of the RVR and because plaintiff's request for the reporting employee to appear as a witness was denied. A modification order was issued for a Reissue/Rehear.

**C. Appeal Log No. CSPC-2-17-02219**

On April 19, 2017, plaintiff submitted a complaint of staff misconduct concerning Lt. Amaya in his role as the senior hearing officer at the April 11 RVR hearing. Plaintiff claims Lt. Amaya failed to hold a hearing at all and failed to take a handwritten statement that plaintiff sought to submit in his defense. Ceballos Decl. Ex. D. Upon investigation, it was determined that Lt. Amaya did not violate CDCR policy.

**IV.    Discussion**

In support of their motion for summary judgment, defendants submit evidence that administrative remedies were available to plaintiff following the incidents underlying this case, that plaintiff availed himself of these remedies to contest certain due process violations at the RVR hearing, but that plaintiff did not raise at any point in his administrative grievances facts that

5

underlie his claims here. Defendants have thus met their initial burden to "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."

The burden now shifts to plaintiff. In order to establish that the failure to exhaust was excusable, plaintiff must show that:

> '(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.."

McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) (quoting Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008)). See also Rodriguez v. County of Los Angeles, 891 F.3d 776, 794 (9th Cir. 2018) (allegations of "general and unsubstantiated fears about possible retaliation" insufficient to satisfy inmate's burden to produce evidence of something in the particular case that rendered administrative remedies effectively unavailable) (citing McBride, 807 F.3d at 987-88); Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 922 (9th Cir. 2001) ("conclusory allegations unsupported by factual data are insufficient to defeat ... summary judgment motion") (citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

In his opposing brief, plaintiff insists that he exhausted his administrative remedies and points to the staff complaint against Lt. Amaya as evidence.[1] Though plaintiff claims that this staff complaint encompasses his claims against the named defendants, the Court disagrees. Plaintiff proceeds in this action against Riley, Magallanes, Castro, Perez, and DeAcevedo on a claim that they retaliated against him after he told Riley that he intended to file an inmate grievance. None of the facts underlying this claim are addressed at any point in the administrative grievances filed by plaintiff. Additionally, plaintiff claims that Castro and Magallanes made racially-tinged remarks suggesting that racial animus motivated their decisions. Again, none of the administrative grievances that plaintiff filed following these incidents even reference this conduct.

---

[1] Plaintiff initially named Lt. Amaya as a defendant in this action but has since dismissed this claim. (See Docs. 18, 19)

Plaintiff suggests that he did not need to raise these specific issues because his ultimate goal in filing the staff complaint was to have the RVR dismissed, which he claims he successfully did. That, however, is not the purpose of the PLRA exhaustion requirement. As stated above, a prison's own grievance process determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. Jones v. Bock, 549 U.S. at 218. To exhaust administrative remedies, California regulations require a grievance to "describe the specific issue under appeal and the relief requested" and to "list all staff member(s) involved and [to] describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a). The regulations also require the grievance to "state all facts known and available to [the inmate] regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Id. By omitting any mention of the defendants in this action, the facts at issue here, and the defendants' retaliatory and/or discriminatory conduct, plaintiff failed to submit a grievance with the level of detail required for exhaustion by Cal. Code Regs. tit. 15, § 3084. Accordingly, plaintiff has failed to meet his burden of demonstrating that the prison's grievance procedure was effectively unavailable to him. See Albino, 747 F.3d at 1166.

**V.      Conclusion**

For all these reasons, the Court **RECOMMENDS** granting defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

1  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 4, 2021**              **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE