UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MCLAUGHLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>J. CASTRO, et al.,<br><br>    Defendants. | No. 1:17-cv-01597-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 40) |

Plaintiff Martin McLaughlin is a state prisoner appearing *pro se* in this civil rights actions pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 4, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit as required be granted. (Doc. No. 40.) The assigned magistrate judge found that administrative remedies were available to plaintiff in the form of the CDCR administrative inmate grievance system, but that plaintiff did not raise the facts or claims underlying this action during any of his previously filed administrative inmate grievances, nor did he identify any of the defendants in this action in the inmate grievances he submitted. (*Id.* at 4–6.) The assigned magistrate judge concluded that plaintiff failed to exhaust his administrative remedies or to otherwise demonstrate that the prison's inmate grievance

1

procedure was unavailable to him. (*Id.* at 7.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7.) Plaintiff filed timely objections on February 18, 2021, which were received by the court on February 25, 2021. (Doc. No. 41.)

Plaintiff's objections do not address the magistrate judge's reasoning, but argue instead that summary judgment is inappropriate because his amended complaint was previously found to state some cognizable claims. (*Id.* at 1–2.) The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). When assessing whether the complaint pleads cognizable claims, the court assess whether the pleadings are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Finding that a claim is cognizable at this early stage of the litigation does not determine that the claims are meritorious or that they must survive a summary judgment motion. Summary judgment is a determination of the merits of the claims, and should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The magistrate judge's prior determination that plaintiff's second amended complaint pled some cognizable claims does not mean that defendants' motion for summary judgment for failure to comply with the administrative exhaustion requirement must be denied. In short, plaintiff's arguments advanced in his objections to the pending findings and recommendations are unpersuasive.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on February 4, 2021 (Doc. No. 40) are adopted in full;

2. Defendants' motion for summary judgment (Doc. No. 33) based on plaintiff's failure to exhaust his administrative remedies prior to filing suit as required is granted; and

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 29, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE